Treat, Justice, delivered the opinion of the court: Skinner - sued Jones, King and Clarke as the makers of a promissory note. There was service on King and Clarke, and a return of non est inventus as to Jones. At the September term, 1838, judgment was rendered against King and Clarke, and a scire facias ordered against Jones. On the 6th of October, 1838, & fieri facias issued on the judgment, which was fully satisfied by payment to the sheriff on the 15th of December following. A scire facias was issued against Jones on the 15th of October, 1838, and served on the 25th of the same month. On the calling of the cause against Jones, the satisfaction of the judgment as before stated being-admitted by the parties, the plaintiff moved the court that Jones be made a party to the judgment, so far as to subject him to the payment of the costs made on the scire facias. The court refused the motion, and rendered judgment in favor of Jones for costs. This decision is assigned for error. Before a plaintiff is entitled to recover costs from a party he summons into court he must show that he had a cause of action against him at the time of the institution of the suit, and that it still subsists. If between the commencement of the suit and the trial he voluntarily releases his cause of action his right to a recovery for costs even is gone. Is the present case different in principle ? It is true, the scire facias was not a new action, but a continuance of the original suit as to the defendant Jones. It had already passed into judgment as to the other [*194] defendants. The plaintiff then was at liberty to proceed bj execution and collect the judgment. He might also pursue his remedy on the soire faoig,s. He prosecuted both remedies at the same time, and was successful on the first. The satisfaction of the execution extinguished the judgment and put an end to the cause of action against Jones. There was no judgment left in force to which Jones could be made a party. This was the' consequence of the plaintiff’s own voluntary act. He had made the sheriff his agent so far as to receive payment of the judgment, and thus deprived himself of his right of recovery against Jones. The judgment of the circuit court is affirmed with costs. Judgment affirmed.